IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

THEODORE VAL COY,

                Petitioner,         Case No. 3:05 CV 82

-vs-

                                    MEMORANDUM OPINION

CARL S. ANDERSON,

                Respondent.

KATZ, J.

Pending before this Court is the Report and Recommendation ("R & R") of Magistrate Judge Vernelis K. Armstrong filed November 30, 2005 (Doc. No. 16), as to which Petitioner has filed objections on December 14, 2005 (Doc. No. 17). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate Judge's findings.

In her well-reasoned R & R the Magistrate Judge considered the petition of Theodore Val Coy ("Val Coy" or "Petitioner") for a writ of habeas corpus and recommended denial of same. A review of the record reflects that on February 13, 2002 Petitioner was indicted on five counts of gross sexual imposition with a girl under 13 years of age and one count of child endangering. Represented by counsel, Petitioner entered a guilty plea in the Common Pleas Court of Stark County Ohio, to the indictment and was sentenced on February 6, 2002.

On March 11, 2004, Petitioner, *pro se*, filed a motion to withdraw his guilty plea, which the Common Pleas Court Judge overruled on March 17, 2004. Thereafter, on May 14 and again

on June 24, 2004 Petitioner filed a motion for delayed appeal, which the Court of Appeals for the Fifth Appellate District of Ohio denied. Ultimately, the Ohio Supreme Court denied his motion for delayed appeal and dismissed his case on October 13, 2004. Thereafter, Petitioner filed his Petition herein pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus on January 14, 2005.

The Magistrate Judge found that there was no reason for an evidentiary hearing as Petitioner had failed to make the requisite showing of the need therefore, and the claim can be resolved on the pleadings and the record.

Petitioner's direct review at the state level ended on March 6, 2002 when he failed to file a direct appeal to the Court of Appeals for the Fifth Appellate Circuit. The statute of limitations expired on February 14, 2003. Petitioner has failed to produce probative evidence that he is entitled to an equitable tolling of the statute of limitations. Therefore, his request for a Writ of habeas Corpus has been untimely filed.

A petitioner shoulders the burden of showing not merely the errors at his trial which created a possibility of prejudice, but that those errors worked to his actual and substantial disadvantage, rising to an error of constitutional dimensions. That requisite showing has not been made here. During the sentencing, the trial court advised Petitioner of his right to appeal, his right to appointment of counsel, both of which were, on the record, voluntarily surrendered. No evidence has been presented by the Petitioner which excuses the waiver, demonstrates prejudice to his defense or shows that he is actually innocent. Therefore, his claims are barred from federal habeas corpus review.

The Court has reviewed Petitioner's objections to the R & R consisting of ten (10) pages of a review of those matters which were previously considered by the Magistrate Judge. This Court can find no merit in those objections and will deny the same.

Therefore, the findings and recommendations of the Magistrate are well taken, and there are no legal points which would be arguable on their merits in an appeal of this case. Furthermore, the Court has determined *sua sponte* that no certificate of probable cause should issue in this case as any appeal would lack substantial merit.

The Report and Recommendation is adopted as the Order of this Court. Petitioner's Writ of habeas corpus is denied.

Further, under 28 U.S.C. §1915(a), an appeal of this case should not proceed *in forma pauperis* as it would not be taken in good faith.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    SENIOR U. S. DISTRICT JUDGE